[680 NYS2d 331]

In the Matter of PHILIP J. SANZONE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 2, 1998

**APPEARANCES OF COUNSEL**

*Philip J. Sanzone,* Rome, respondent *pro se.*
*Andrea E. Tomaino,* Rochester, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1974, and maintains an office in Rome. The Grievance Committee filed a petition charging respondent with five counts of professional misconduct. The most serious charge in the petition alleged that respondent, as attorney for an

estate, withdrew funds from the estate account by forging the executor's signature on a check, deposited the funds in his attorney escrow account and used the funds for payment of a personal expense; that the balance of estate funds in respondent's attorney escrow account fell below the amount of funds due the estate for long periods of time; that respondent failed timely to render an appropriate accounting of estate funds; and that respondent, in the settlement agreement and accounting for the estate, misrepresented the amount of estate funds in his escrow account.

Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties stipulated to certain facts, and proof was taken at the hearing on the remaining issues of fact. The Referee filed a report that the Grievance Committee moves to confirm. Respondent moves to disaffirm the Referee's findings regarding mitigation.

The Referee found that respondent was guilty of misrepresentation; that he converted the funds of two clients; that he failed timely to remit funds to a client; and that he neglected legal matters entrusted to him.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling clients' funds with personal funds;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them; and

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly the funds in his possession that a client is entitled to receive.

After consideration of all of the factors in this matter, we conclude that respondent should be disbarred.

GREEN, J. P., PINE, WISNER, CALLAHAN and BOEHM, JJ., concur.

Order of disbarment entered.